The third case in which we'll hear oral argument today is Wolfe v. Department of Veterans Affairs. Your Honor, the issue here today is a relatively narrow one. Specifically, in this special case, when the VA receives a notice of death of a veteran, is a claimant with apparent entitlement to benefits entitled to an effective date as of the notice of date of death. My understanding is that you're presenting essentially two arguments as to why you believe it was entitled. You believe that the telephone call that your client made to the regional office, coupled with the notation on the record of the call that was made, should establish that she made an informal claim as of that date. And my understanding is that even if we were to decide that the technical requirements there in the informal claim identification of benefits, etc., etc., that you can reach into the apparent entitlement regulation for support. You can say as of the time that she made that telephone call,  and that apparent entitlement should have resulted in a communication to her which it didn't. And that the combination of that and sort of the two arguments are, you can tease them apart, although they're sort of related. Right, yes. My understanding is that's it. That's, those are the issues you're presenting. Yes, if I understand your summation correctly. Yes, that goes to the heart, yes. I mean, I certainly see, I can see a series of other actual arguments I want to be able to focus. My mind is very clearly on where you saw the point there. Right, yes. And so to follow up on that, so if we look at these two regulations that issue 150 and 155, and really the key terms are apparent entitlement from 150, and then from 155, communication or action, the intent to apply, and the identification of whatever benefits are sought. Now, quickly, regarding 150 and apparent entitlement, the board conceded that Mrs. Wolfe was apparently entitled to benefits. The appendix is page 107. I don't think there was ever a question whether she was entitled to benefits. The question was when was she entitled. Well, there's a difference between whether she was entitled and whether she was apparently entitled. I mean, she's entitled because she's getting benefits now. The question is when she made that phone call, was she apparently entitled? Okay. So that call really was made in response to a request from the VA, right? Excuse me? The phone call was made in response to a request from the VA at that point in time? No, no, it wasn't, Your Honor. What happened? Did she announce that her husband had died? It wasn't in response to VA. She called out and said that her husband had died. Well, yeah, she called. At her own initiative, she called, yes. She came back to the funeral with all her colleagues and stuff, so she called up and said my husband has died. Correct. And then presented an objection. Right, that's correct. My understanding on the apparent entitlement issue, why you lost was that the CAVC said that the ground for the apparent entitlement was a regulation that the secretary was in the process of considering to implement. That's partially correct. Yeah. And that the CAVC read our opinion in Western to say that in order for the entitlement to be apparent, it has to be real, it has to be immediate, it has to be something that you can say exists right now. And as I understood the CAVC, they said, well, I have a vote of regulation that would benefit you, doesn't meet the apparent entitlement test until it's actually promulgated. That's the way I understood it. That's what they said, yes, Your Honor. And so they concluded that as a matter of fact, you had your case didn't meet the apparent entitlement test that had been laid down in Western. That's correct. That's what I understood. And I think it took you out on informal notice, as I understood it, on the ground that it was indisputed that the client's telephone call hadn't identified the benefit that she saw. And they made that fact frame. They said, we looked at the notation and the record of the notation just said she called. It didn't say that she's seeking the record at that time showed that your client's husband, the veteran, had requested an annuity benefit that had been declined, I believe, on the grounds that he didn't meet the economic test. You're right. Actually, it was a pension benefit. Right. Yes, it was an economic benefit. So the way I looked at the case was that the CAVC was saying to you, on your point having to do with the informal claim, assuming for purposes of argument that the telephone call plus the notation constituted a writing, because the regs clearly require a claim to be in writing. That's correct. So they said, we'll grant you the benefit without a writing requirement, but the regulation also clearly requires that the writing must specify the benefit sought. And they looked at the record and said, we don't see any claim to benefit sought. My understanding is that your argument is that when a widow calls in, you ought to make an assumption that she's seeking a benefit. That's correct. That is my argument, Your Honor. And the reason for that argument is that if you look at 1.50, it specifically says that the claimant is apparently entitled to dependency and indemnity compensation. So the regulation itself provides the benefit sought for in this special case when a widow or a widower reports a notice of death. From that regulation, that puts the VA on notice. It's not everybody gets VA, right? If you're a millionaire, you don't get VA. Are there limitations? Do you qualify? There might be. That I don't know, Your Honor. Well, the reason why I added it is maybe from the point of view of the adverse decision below, they were saying, well, we realize that you're entitled to claim compensation or a DOC, but we need to know which one you're claiming, but you need to have some reason to know what it is. Well, in this case, I think the record is clear that these were not rich people. On the application form. Well, but the VA doesn't know that. The VA knows that the claimant's deceased husband had enough money so they didn't qualify for the benefit of dependency. I mean, you're saying I don't quite know why. We know why the requirement for writing is in the record because we've discussed that in previous cases. Correct. How do you know what's going in? And perhaps the requirement that you specify the benefit sought is to allow the agency to know right away, for example, if you're not representing an administrative process. They're a lot better off in a real world, and the administrative agency knows what it is you're asking for. Right. But moving on. So the board conceded that she had a parent entitlement, and if you look at Westbury, you can also see that the claimant had a parent entitlement filed against her. Where was the board made that concession? Can you bring me back to that? Sure. It's at the appendix at page 107. Page which? And now the secretary in its brief. What page which? I'm sorry, page 107 of the appendix. 107. At the very last sentence. No, that's not consistent with the CAVC decision, right? Well, the CAVC, they didn't. I don't know if it's not consistent. They didn't reiterate that. But they did say that the claimant was entitled because she's receiving benefits now. And I don't have the cite for that. Right, but the point was a parent entitlement to a DIC, right? Correct. And I thought the CAVC had found against you on the ground that your claim to the parent entitlement to the DIC depended on being able to morph a proposed secretary of regulation into an actual regulation. That's right. They say there was no regulation in effect at the time, but that would be important if the issue was actual entitlement. But the issue is not actual entitlement. The issue is apparent entitlement. That's what we went through in the Westbury case. Right, in Westbury. We decided in Westbury what is necessary in order to have a parent entitlement, right? Correct. And if you'll recall in Westbury, there was no apparent entitlement because the record at the date of the notice of death showed that the veteran and the claimant were separated. They were not living together anymore. And so that indicates that she wasn't apparently entitled. Right, but we said that an apparent benefit can't just be a potential entitlement or a possible entitlement, right? That's correct. So as of the date of the telephone call, I understood CAVC to be saying your client's claim to DIC was possible if the regulation got enacted or it was potential, but it wasn't real. That's where we would disagree. That's what the veteran's court said. But what I'm saying, apparent is, it's only apparent when it's discernible from the file the claimant meets the basic eligibility requirement. So the claimant here is your client, and the basic eligibility requirement for DIC as of the time of the telephone call depended upon the regulation coming into effect. That's correct. And my understanding was that CAVC said, in this case, as a matter of fact, we think that the entitlement was only potential or possible because it wasn't discernible from the record that the regulation would be enacted. In fact, it wasn't discernible from the file that there was even a proposed regulation. That's correct. That's what they said, Your Honor. But I would disagree with the veteran's court, and that's why I'm here. My question. Well, the reason why I'm pressing you on this is that the government has argued that notwithstanding the quality and the skill of your argument on behalf of your client, you're essentially presenting us with two factual inquiries. The first factual inquiry was, was there an informal complaint? Yes or no. As we all know, the regulation tells us exactly what the legal requirements for an informal complaint are. And you've been given the benefit of the doubt on the writing. The question is, was there a specificity of request of relief sought? And I understood that the court would have said, as a matter of fact, we don't think you made it. And on the apparent entitlement, no one's arguing what the law is. But Westler had told us what the law is, that if the entitlement is only potential or possible, and if the entitlement isn't discernible from the file, then a parent. So it would be, in our case, factually whether or not your client meets the legal test of Westler. If I'm right and those are factual inquiries, then Congress gave you a bad turn by denying us the authority to review the factual underpinnings of the suit. And Congress, when they created us, sort of cut us off at the knees, if you will, by saying that the only thing we can decide are legal questions. Like, in Westler, you're asking a legal question, what constitutes a parent entitlement? And we decided it. We wrote the rule. The rule on what constitutes an informal claim had been written by the regulations in that instance. So there's no debate in this case about what the law is. Well, I don't know if I agree with you there, Your Honor. That's where you have to help me. OK. The debate here is. You vigorously disagree with me on the other side. I will disagree with you, Your Honor. Is that really the legal issue here is how does 150 and 155 work together? And our argument is that if you look at 155, which states four informal claims, if there's an informal claim, then the VA has to send a claim form to the claimant so that they can submit this claim form. And if they return that claim form within one year, then the effective date is the date of the informal claim. And, of course, that 155 also requires an ID of the benefits and an intent to apply for benefits. So our legal argument is, in this special case, a notice of death with a claim of apparent entitlement, that 155 supplies this, or the intent required by 155 and the ID of the benefits required by 155 is really given to us and conflated in 150. Because 150 says when there's a notice of death and apparent entitlement benefits, you get, the benefit is dependency and indemnity compensation. You're rewriting the 150 regulation. I'm trying to interpret it. I don't know if I'm rewriting it. I hear you talking. Mr. Gisron, you've gone beyond your time and used up your rebuttal. But you've had a lot of questions. So we will restore your rebuttal. OK. We'll give you five minutes. Thank you very much. I appreciate it. And we'll hear from the Governor's comment. May I please report? We respectfully request that this court dismiss Ms. Wolfe's claim for lack of jurisdiction. Ms. Wolfe just admitted that there are two issues in this case. One is whether the phone call notifying VA of the veteran's death was an informal claim. The other issue was whether there was apparent entitlement, even if there was no informal claim, whether there was apparent entitlement under 3.050. Both of these are factual issues that this court cannot address, whether or not there was an informal claim. It's been well established, at least by the Veterans Court and certainly by this court, that whether or not there was an informal claim is just a factual issue. Can we determine the relationship between 155 and 150, the appearance and also the substance of the notice of death? Is that a regulatory determination or is that a factual determination? It would be a regulatory determination if the argument was, in any case, regardless of what the facts were, if the issue was whether every notice of death would be an informal claim under 3.155. If that is the legal issue that Ms. Wolfe is raising, which is not clear from her briefs, but seems to be what she might be raising in argument here, if that's the issue, then the answer is no, because a notification of death does not identify, inherently identify benefits sought. Ms. Wolfe argues that it identifies the benefits as dependency and indemnity compensation, but any surviving spouse of a Veteran is not necessarily entitled to dependency and indemnity compensation or any compensation at all from VA. There has to be at least a showing of service connection for dependency and indemnity compensation. Therefore, just by simply calling VA and informing... Help us a little bit on the range of benefits that could be sought by a surviving spouse of a Veteran. DIC is possible, right? Yes, pension is possible. You can have burial costs. Burial costs or... I believe so. Do you have any idea what the other range might be? Pension. Pension. There may be other benefits that are available, but there are none that are clearly available, simply based upon the Veteran's death. If the VA has put a notice of a Veteran's death in theory, do you require that it all be sent at least a notification back to the will or indicating the benefits that the VA requires from it? There is no requirement other than what 3.150 states, which is that if there is an apparent entitlement to benefits, then VA is then required to send the surviving spouse an application for benefits. There is no requirement in any case under notifying of the Veteran's death or VA to send something to the surviving spouse. But if the agency has put a notice of the death of a Veteran for which there was an application for some benefits of the parent before he passed away, why not send a notice to the surviving widow of the benefits that might be available at that point in time to her? That may be something the VA would want to do, but it's not required under regulations that are currently in effect. Well, the apparent benefits that might be available, just the appearance of benefits means that there are benefits that might be available to the surviving spouse that might be entitled to. So why not send a notice out at that point in time?  The notice does not mean that the spouse is apparently entitled to benefits. In particular in this case, the Veteran application for benefits was denied. It was denied, right. Now, I understand that, but what happens in a situation where the Veteran's surviving spouse is entitled to benefits and they don't know anything about it? Shouldn't they at least be notified by the agency at that point in time when the spouse dies? The notification is sent to the agency, you're entitled to file for these benefits, and the applications are here, here, and here, and go to closing. Is there that much of a problem with that? Well, that's exactly what the regulation requires. If there's a notification to VA of the death of the Veteran and there's an apparent entitlement to benefits, then yes, VA is entitled. If a Veteran is entitled to benefits, how broadly can that be interpreted? Westbury does go at least a limited extent. Right. Westbury says that it has to be apparent from the file that there was an entitlement to benefits. It says there can't be some possibility of benefits. There can't be a potential that the spouse is eligible for benefits. It has to be discernible from the file that the surviving spouse is likely eligible for benefits. There's no dispute in this case that that's the standard that should be applied. Ms. Wolk agrees that the Westbury case is the proper interpretation of what apparent entitlement means. In this case, the question is whether the regulation that had not yet come into effect that was perhaps being considered by VA at the time is a notification of death. What those were additional benefits, different types of benefits? I'm sorry? Those regulations that the Secretary was adopting were different types of benefits based on the time steps that were required. That's correct. And that's what Ms. Wolk is now receiving benefits based upon those regulations. But at the time that she notified VA of the Veteran's death, those regulations were not in effect. There's no regulation giving her benefits, and she could not have been a parent of a Veteran. Is that the benefit she's seeking now? She is currently receiving those benefits. I understand that she wants an early reflective date for those benefits. Yes. And that's what's at stake in the case, is that correct? That's correct. What she's saying is that at the time she notified VA of the Veteran's death, she was apparently entitled to benefits under that regulation, even though that regulation was not in effect at the time, simply because VA had discussed. So she's not claiming entitlement, a backdated entitlement to a very large variety of DIC. As far as I understand it, no. That's what I understood in the record. But, I mean, as of the date of the death of the Veteran, if she had called the agency and said, I'm a surviving spouse of a Veteran, I would like DIC benefits, she would have made an informal claim for DIC, right? That's a factual determination, but yes. And whatever the DIC was at the time, she would have received. At the time that she made that telephone call, would have written that note, the so-called Agent Orange boost in the DIC hadn't taken place yet, because it was being proposed. Right, except that the DIC itself is based upon service connection. In order to show that the Veteran was service-connected, what Ms. Wolf has argued, and why she's currently receiving benefits, is that he was service-connected because the Agent Orange that the man had been exposed to was connected to his lung disease. So the DIC would be based upon service connection. What about Ms. Wolf's argument that, unless I understand how 150 and 155 supposedly connect, that he makes the argument that the legal issue in front of us is to determine the relationship between 150 and 155? I believe Ms. Wolf's argument is that a notice of death alone functions as an informal claim, because that notice of death by itself is indicating an intent to apply for DIC benefits. However, a notice of death alone cannot, in every case, indicate an intent to apply for benefits, because a surviving spouse of a Veteran is not always entitled to DIC benefits or any other benefits. So there has to be something more than simply a notification of death in order for that notification to constitute an informal claim, and that would be identifying the benefits sought. And as the Board and the Medical Department found in this case, it was clear that Ms. Wolf's communication to the VA did not identify the benefits sought. That would be a factual issue that this Court cannot reconsider. Is every Veteran who dies entitled to some kind of burial payment? I'm not sure I can hear you. Hypothetically, if in fact every Veteran is entitled to a burial payment, whatever that amount is, the notification by the surviving spouse at that point in time required the VA to send an application to the surviving spouse, saying that you're entitled to a burial payment. I believe if that was an entitlement for every Veteran, regardless, just by the fact that the Veteran died, that yes, that spouse would be apparently entitled to those burial benefits, and that therefore, there would have to be an application sent for specifically those type of benefits, not necessarily any other kind. So a telephone call to the VA at that point in time would be sufficient for those notifications to be sent to the, or the opportunity to be sent to the surviving spouse? Under the regulation concerning apparent entitlement, yes, if there was apparent entitlement of every Veteran who died for burial benefits, then that alone for the burial benefits would constitute apparent entitlement, and then would trigger VA to be required to- For that claim. For that specific claim. How much effort would it take for VA to send a notification once they receive a notice of death of any Veteran to the surviving spouse saying you might be apparently entitled to A, B, and C, and D type of benefit? Your Honor, I can't say exactly how much effort that would take. It's simply not required by the regulation unless there is apparent entitlement. Whether it's something that VA should do, or it's a good idea for VA to do, is something that Congress needs to determine, or VA needs to determine and implement the regulation. It might be a matter of public policy. It might be. The IRS might be a good idea if the IRS told you that you're entitled to a refund if A, B, and C. Sure, it might be good public policy, but at this point, the regulations only say that VA needs to send an application if there's apparent entitlement, and not in any case if there's a notification of death. If there are no further questions- Thank you, Ms. Kellogg. Thank you. Mr. Giseron. If I understand Judge Fleminger's concern, your concern is that even though she might have been apparently entitled, maybe, that still there was no regulation in place when this happened. No, I don't. I'm not giving that line in the BVA opinion the way that you're giving it to me, because I don't know what it meant. And I have an explicit finding by the CABC that on the facts of this case, there is no apparent entitlement to the DIC as computed under the anti-mortgage provision, which is what we're seeking. I would just like to point to the VA brief at page 21 in the middle of the page. And it states there, whether the VA is required to forward a form under section 3.150 rests upon whether a dependent has apparent entitlement, not actual entitlement. So, Mrs. Wolfe's argument is, this concern about this regulation not being enforced at the time, at this time, January 1994, and not being enforced until June 9th, 1994, that would be important and crucial if the test were actual entitlement. The test is not actual entitlement. The test is apparent entitlement. And- But even when she notified the VA that there was a question, at that point in time, there was no apparent entitlement, because the regulation was not in place for that. Well, see, now, that's where I have to disagree, Your Honor. I think that's the difference between actual entitlement and apparent entitlement here, is that the VA decided back in December of 93, okay, we're going to presumptively service-connect exposure to Agent Orange and other herbicides used in Southeast Asia to lung cancer. So they made the decision, and now just let the governmental process work. And eventually, on June 9th, 1994, we have this regulation. Now, from December 1993, the VA knew that this was going to happen. And if we're going to interpret VA benefit laws to benefit- What would happen if some sleuth had determined in December and before the effective date that there was some fundamentally flawed medical result somewhere in the analysis? And so they said, well, we're going to put the regulation on hold and go back and reexamine it directly. Then we wouldn't be here today, Your Honor. I know, but what, did Yogi say it's not over until it's over? But it seemed to me that the debate really was whether or not if you had crossed from a possibility to something greater than a possibility, that that's the line that Westbury seems to have drawn. Westbury doesn't require actual entitlement. But even for me, even another verdict for your client is that Westbury does say that the apparent entitlement has to be plain on the record, on the file. And I don't know that there was anything in the file relating to a claim for what I'll call an orange DIC benefit as of the date of development. I'll have to disagree, Your Honor. What was in the claims file was the veteran's, Mr. Wolf's- Request for- For benefits. And if you read through that claim application form, from that form gives you that Mrs. Wolf was the spouse and they were living together, so they were husband and wife. The veteran had lung cancer. He submitted this application, this four-page application, telling the VA, look, I have this lung cancer, I'm a Vietnam vet. And then he died from the lung cancer, which is indicated in that report of contact form, which is in the claims file at that very day she called, I would argue. So I would say, no, I'd have to disagree, that I think the claims file did indicate that she was apparently entitled to these benefits. So then the question would be, is a proposed regulation of enough sort of certainty to say that you had a veteran entitled? And the question is, is that a legal question or is that a factual question? I would say it's a legal question, Your Honor, because it can apply to any factual situation. Other widows, it's similar but in also different situations. So I would argue it's definitely a legal interpretation of this regulation. Thank you, Mr. Chairman. Thank you. Case is submitted.